IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ELIAS ENOC PEREZ-ZUAZO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-00010 (AJT/WEF) |
| PAMELA BONDI, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is Elias Enoc Perez-Zuazo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on January 3, 2026. [Doc. No. 1]. By order dated January 5, 2026, the Court ordered the Government to respond to the Petition within four days, [Doc. No. 3], which deadline was subsequently extended to January 16, 2026 upon motion by the Respondents [Doc. No. 7]. Respondents submitted on January 18, 2026 that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 11].

Petitioner is a native and citizen of Panama, who entered the United States without inspection in 2021. [Doc. No. 1] ¶ 36. Shortly after entry, Petitioner was apprehended by immigration officials and released on his own recognizance; he alleges that he was never issued a Notice to Appear ("NTA"). *Id*. ¶¶ 37-38. Petitioner ultimately moved to the Washington, DC metropolitan area, where he has worked as a bartender and married a U.S. citizen. *Id*. ¶¶ 44-45. He has filed a form I-130 Petition for Alien Relative with U.S. Citizenship and Immigration Services (USCIS) on the basis of his marriage. *Id*. ¶ 44. He has no criminal record. *Id*. ¶ 46.

Petitioner alleges that, when reporting for a check-in at the ICE Chantilly, Virginia field office as required by his order of supervision, Petitioner was arrested and ultimately taken to the Farmville Detention Center, where he remains in immigration detention.[1] *Id*. ¶¶ 2, 6, 40-41, 43. He further alleges that he has not been provided with a bond hearing, nor can he even request one because was never issued an NTA after his arrest and has no pending removal proceedings. *Id*. ¶ 11. Petitioner filed the instant petition for writ of habeas corpus in this Court on on January 3, 2026. [Doc. No. 1]; he has also filed an opposition to Respondents' motion for extension of time to respond to the Petition [Doc. No. 6], as well as three separate motions for default judgment between January 12-17, 2026. [Doc. Nos. 8, 9, 10].

It appearing to the Court that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez* or the other opinions of this Court cited therein, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial; and it is further

---

[1] Petitioner's arrest evidently took place on December 10 of either 2024 or 2025; the Petition cites both dates so the actual date is unclear.

**ORDERED** that all of Petitioner's motions for default judgment [Doc. Nos. 8, 9, 10] are

**DENIED** as moot.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate

the case.

Alexandria, Virginia
January 21, 2026

Anthony J. Trenga
Senior United States District Judge

3